ILLINOIS POWDER MFG. CO. v. STATE
TAX COMMISSION et al.

No. 7415.   Decided April 25, 1950.   (217 P. 2d 580.)

See 54 C. J. S., Limitation of Actions, sec. 121. Conduct of governmental agencies as to taxes and assessments, estoppel by, see note, 87 A. L. R. 980. See, also, 51 Am. Jur. 845.

*Callister, Callister & Lewis,* Salt Lake City, for plaintiff.

*Clinton D. Vernon,* Atty. Gen., *G. Hal Taylor,* Salt Lake City, for respondents.

WADE, Justice.

Certiorari to review an order of the State Tax Commission of Utah denying a refund of taxes paid by Illinois Powder Manufacturing Company on a deficiency assessment for Use Taxes allegedly due for the period from 1940 to 1943 inclusive.

The facts are not in dispute. The plaintiff is a foreign corporation authorized and doing business within the State

of Utah. Late in 1947, a field examiner for the Utah State Tax Commission examined the books of plaintiff at St. Louis, Missouri, where the books of the company were kept. The examination for the purpose of checking for Sales and Use Taxes covered a period commencing in April, 1940 up to and including October 31, 1947. An audit and assessment was made for all of those years but plaintiff only questions the audit and assessment which pertains to the years 1940 to 1943 inclusive. Plaintiff had destroyed its working copies of the returns for the year 1940, but had retained most of such copies for the years 1941-42-43. A regulation of the commission on Use Taxes requires that the records from which an examination and audit can be made for those purposes be retained by the taxpayer for four years. When this audit was made, approximately four years had elapsed after the filing of the last return which is here in dispute.

The audit upon which the deficiency assessment for the disputed periods was made was based upon the field examiner's audit of plaintiff's general records. These records show no detail. The payment of Sales or Use taxes under a good accounting system would not ordinarily appear in the general records of a company but would ordinarily show up in invoices, purchase orders and like documents. It is not customary to keep such documents for as long a period as covered by the audit in the instant matter, although it is customary to keep the general records of such transactions.

In making the audit on the general records for Use taxes, the Examiner used the following method: He charged against the company every purchase it had made which was allocated to its Utah Branch during the years in question and then eliminated all those vendors which he personally knew were Utah vendors and included all the others, upon the understanding that if the company would know of any such items which should not be included, it would so advise him. No determination was made as to whether

any excise tax had been paid to any other state on any of the included items.

It is plaintiff's contention that it has regularly filed every two months, a Sales and Use Tax return on Form TC 71 as required by the Commission, and therefore the deficiency assessments for the years 1940 and 1943 inclusive, are barred by the provisions of Sections 104-2-24.10 and 104-2-30 U. C. A. 1943.

In *Whitmore Oxygen Company* v. *State Tax Commission,* 114 Utah 1, 196 P. 2d 976, this court held that no Use Tax return had been filed and that therefore the deficiency assessment was not barred by the statutes of limitations cited above under the facts of that case. In that case it was stipulated that although Form TC 71 was used, which contains blanks to be filled in by the taxpayer giving information as to both Sales and Use Taxes, that the blanks pertaining to Use taxes did not contain any writing or symbol which would give the Commission any information on that subject for the period in question. Furthermore, it was agreed that during that period the taxpayer had bought certain personal property in a foreign state and that no excise tax had been paid in that state.

The facts in the instant case are different. Plaintiff asserts that every two months it has filed its returns on the Use tax for all the years in controversy, and it is agreed that they did file a return each two months on Form TC 71 which form covers the Use, as well as the Sales tax. At the hearing it introduced office copies of the returns filed for the years 1941 to 1943 inclusive, the copies for the year 1940 having been destroyed. These copies are not carbon copies. On some there are no symbols or words whatsoever in the blanks providing for information as to Use taxes, while in others there appear the word "none" or the figure "O" or else a line is drawn through the space provided to show the amount due on that tax. In some of these returns a tax was shown to be owing. From these it is apparent

that plaintiff was aware of the fact that a Use Tax return was required and was notifying the Commission that its filed returns contained all the pertinent information for both the Sales and Use taxes. The Commission does not claim that there has been intentional fraud or attempts to evade the payment of the taxes on the part of the plaintiff. The Commission has destroyed the original returns filed by plaintiff on Form TC 71. The plaintiff under the Commission's own regulation in regard to these taxes was not required to keep for more than four years, the records, vouchers, invoices, etc. from which an audit of the information contained therein could be made by one of its representatives. Under such circumstances, it cannot be assumed that no Use Tax returns were filed by plaintiff for the disputed periods or that those filed were a nullity because of complete failure to give the required information. Since the office copies are not carbon copies, it cannot even be assumed that they were identical with the returns filed. It is conceivable that the person who made out the return would not think it necessary to insert the word "none" or the figure "O" in the office copy, whereas such words or figures might have been inserted in the original return, the unfilled blank being sufficient to inform him for his own purposes that no tax was due. It is for situations just like this that we have the statutes of limitations which are statutes of repose and designed to prevent stale claims from being asserted when all the proper vouchers or evidence have been lost and the facts are no longer clearly remembered.

We hold therefore that under the facts of this case where the Commission has destroyed its own records upon which it bases its claims it has the burden of proving that no Use Tax returns were actually filed, and in the absence of such proof, that the statute of limitations began to run from the time that returns on the forms supplied by the Commission were actually filed, and that any claim by the state

for Use Tax during the years from 1940 to 1943 inclusive, is now barred.

The deficiency assessment for those years is therefore set aside and cancelled, and the claim for refund allowed.

PRATT, C. J., and WOLFE and LATIMER, J., concur.

McDONOUGH, J., not participating.